Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

ABIGAIL HOWE, ) Case No. 4995
)
Plaintiff, ) **COMPLAINT FOR VIOLATION**
) **OF FEDERAL FAIR DEBT**
vs. ) **COLLECTION PRACTICES ACT**
) **AND ROSENTHAL FAIR DEBT**
RECEIVABLES PERFORMANCE ) **COLLECTION PRACTICES ACT**
MANAGEMENT, LLC, )
)
Defendant. )
)

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Abigail Howe ("Plaintiff"), is a natural person residing in San Mateo county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Receivables Performance Management, LLC ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On average, Plaintiff received from Defendant, more than two collections calls per day, more than ten collections calls per week, and more than

twenty collections calls per month, including but not limited to, 5/29/10 at 7:38pm; 5/30/10 at 5:29pm and 9:03pm; 6/01/10 at 3:40pm and 8:26pm; 6/2/10 at 2:21am and 3:2am; 6/3/10 at 1:20am, 2:17am, 4:19pm, and 6:31pm; 6/4/10 at 2:22am and 7:51pm; 6/5/10 at 7:25pm; 6/6/10 6:06pm and 9:04pm; 6/8/10 at 5:12pm; 6/9/10 at 2:04am, 3:04pm, 4:02pm and 8:29pm; and 6/10/10 at 2:18am.

7.  On more than one occasion Defendant contacted Plaintiff before 8:00am and after 9:00pm in connection with an attempt to collect an alleged debt, including but not limited to, 5/30/10 at 9:03pm; 6/2/10 at 2:21am and 3:2am; 6/3/10 at 1:20am, 2:17am; 6/4/10 at 2:22am; 6/6/10 9:04pm; 6/9/10 at 2:04am; and 6/10/10 at 2:18am.

8.  Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal Civ Code §178811(b));

   b) Causing an expense to Plaintiff for long distance telephone calls, telegram fees or charges for other similar communications, by misrepresenting to Plaintiff the purpose of such telephone call, telegram or similar communication (Cal Civ Code §1788.1(c));

   c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

  d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e)); and

  e) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including calling after 9 pm (§1692c(a)(1)).

9. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

  A. Declaratory judgment that Defendant's conduct violated the FDCPA;

  B. Actual damages;

  C. Statutory damages;

  D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates by reference all of the preceding paragraphs.

12. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 1st day of November, 2010.

By: _____
**TODD M. FRIEDMAN (216752)$
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff**